JS 44C/SDNY
REV. 06/01/17

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
EMELIA MENSAH-SASU

DEFENDANTS
JULIA DYCKMAN ANDRUS MEMORIAL INC., D/B/A ANDRUS CHILDREN CENTER

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
LAW OFFICE OF CHARLES NATHAN, P.C
100-24B ELGAR PLACE, BRONX, NEW YORK 10475
TEL: 917-282-9871

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

CIVIL RIGHTS ACT, 1964, AS AMENDED, 42 USC SEC. 2000e et seq. Title VII), NYS EXEC. LAW SEC. 296; NYC AD. CODE SEC 8-107

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [✓] Yes [ ]    Judge Previously Assigned

If yes, was this case  Vol. [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]   If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No [x]   Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)                 NATURE OF SUIT

|  |  |  |
|---|---|---|
| **TORTS** | | **ACTIONS UNDER STATUTES** |

**CONTRACT**

[ ] 110   INSURANCE
[ ] 120   MARINE
[ ] 130   MILLER ACT
[ ] 140   NEGOTIABLE INSTRUMENT
[ ] 150   RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151   MEDICARE ACT
[ ] 152   RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153   RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160   STOCKHOLDERS SUITS
[ ] 190   OTHER CONTRACT
[ ] 195   CONTRACT PRODUCT LIABILITY
[ ] 196   FRANCHISE

**REAL PROPERTY**

[ ] 210   LAND CONDEMNATION
[ ] 220   FORECLOSURE
[ ] 230   RENT LEASE & EJECTMENT
[ ] 240   TORTS TO LAND
[ ] 245   TORT PRODUCT LIABILITY
[ ] 290   ALL OTHER REAL PROPERTY

**PERSONAL INJURY**

[ ] 310   AIRPLANE
[ ] 315   AIRPLANE PRODUCT LIABILITY
[ ] 320   ASSAULT, LIBEL & SLANDER
[ ] 330   FEDERAL EMPLOYERS' LIABILITY
[ ] 340   MARINE
[ ] 345   MARINE PRODUCT LIABILITY
[ ] 350   MOTOR VEHICLE
[ ] 355   MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360   OTHER PERSONAL INJURY
[ ] 362   PERSONAL INJURY - MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 440   OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441   VOTING
[x] 442   EMPLOYMENT
[ ] 443   HOUSING/ ACCOMMODATIONS
[ ] 445   AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446   AMERICANS WITH DISABILITIES -OTHER
[ ] 448   EDUCATION

**PERSONAL INJURY**
[ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING

[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**

[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**

[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**

[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV

[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE

[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS

[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION

[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

*(PLACE AN x IN ONE BOX ONLY)*

## ORIGIN

[X] 1 Original Proceeding

[ ] 2 Removed from State Court

   [ ] a. all parties represented

   [ ] b. At least one party is pro se.

[ ] 3 Remanded from Appellate Court

[ ] 4 Reinstated or Reopened

[ ] 5 Transferred from (Specify District)

[ ] 6 Multidistrict Litigation (Transferred)

[ ] 7 Appeal to District Judge from Magistrate Judge

[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN x IN ONE BOX ONLY)*

## BASIS OF JURISDICTION

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [ ] 4 DIVERSITY

***IF DIVERSITY, INDICATE CITIZENSHIP BELOW.***

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

3229 THROOP AVENUE, APT. 1
BRONX, NEW YORK 10469

BRONX COUNTY

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

1156 NORTH BROADWAY
YONKERS, NEW YORK 10701

WESTCHESTER COUNTY

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## COURTHOUSE ASSIGNMENT

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [ ] WHITE PLAINS    [X] MANHATTAN

DATE 8/16/18    *(signature)*    SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. DEC. Yr. 1988 )
Attorney Bar Code # CN 7992

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EMELIA MENSAH-SASU <br> _____ <br> *Plaintiff(s)* <br> v. <br> JULIA DYCKMAN ANDRUS MEMORIAL INC., D/B/A ANDRUS CHILDREN CENTER <br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

JULIA DYCKMAN ANDRUS MEMORIAL INC.
D/B/A ANDRUS CHILDREN CENTER
1156 NORTH BROADWAY
YONKERS, NEW YORK 10701

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: CHARLES NATHAN, ESQ
LAW OFFICE OF CHARLES NATHAN, PC
100-24B ELGAR PLACE
BRONX, NEW YORK 10475

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

LAW OFFICE OF CHARLES NATHAN, P.C.

CHARLES NATHAN, ESQ.

100-24B ELGAR PLACE

BRONX, NEW YORK  10475

917- 282-9871

347- 449- 6054 ( Fax)

ATTORNEY FOR PLAINTIFF


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

EMELIA  MENSAH-SASU                                    COMPLAINT

                     Plaintiff                    **JURY TRIAL DEMANDED**


     -against-                                                  ECF

JULIA DYCKMAN ANDRUS MEMORIAL INC. D/B/A

ANDRUS CHILDREN CENTER

               Defendant.

-----------------------------------------------------------X

Plaintiff, EMELIA MENSAH-SASU  ( "Plaintiff" or "Emelia" ) by her attorney,
The Law Office of Charles Nathan, P.C.,  complaining of defendant JULIA
DYCKMAN ANDRUS MEMORIAL INC., D/B/A ANDRUS CHILDREN
CENTER ( "Defendant") alleges as follows :

## THE PARTIES

1. Plaintiff is an adult African-American female individual and a citizen of the United States of America. She is a resident of the State of New York and resides in Bronx County, New York.

2. Defendant Julia Dyckman Andrus Memorial Inc., is a corporation organized and existing under the laws of the State of New York and doing business in the State of New York under the name Andrus Children Center.

3. Defendant is authorized to conduct business in the State of New York.

4. Defendant is engaged in an industry affecting commerce, within the meaning of the Civil Rights Act of 1964 and during all times material to this action have employed more than 15 employees for 20 or more calendar weeks in each year.

5. At all material times, the Defendant was an employer within the definition of 29 U.S.C. Sec. 203 and Plaintiff was an employee of the Defendant within the definition of 29 U.S.C. Sec. 203.

6. Defendant employed Plaintiff in various positions related to its business.

## NATURE OF ACTION

7. This is an employment discrimination action brought by plaintiff to recover damages against the defendants for violation of her rights under the Civil Rights Act of 1964, as amended, 42 U.S.C Sec. 2000e et seq ( "Title VII"); New York State's Human Rights Law, N.Y.S. Exec. Law Sec. 296, et seq. ( "Human Rights Law") and New York City's Human Rights Law, NYC Administrative Code Sec. 8-107,et seq. ( the City Law ).

8. In violation of federal laws, defendant retaliated and discriminated against Plaintiff on the basis of her Race, Color, Retaliation, National Origin and her disability. This action is also brought against the defendant for

declaratory and monetary relief and damages for injuries Plaintiff has sustained as a result of defendant's unlawful retaliation against her for attempting to exercise her rights under the Family and Medical Leave Act, 29 U.S.C sec. 2601 et seq. ( "FMLA") in violation of 29 U.S.C. Sec. 2615 (9)

## JURISDICTION AND VENUE

9.    The action is based on the provisions of 42 U.S.C. Sec. 2000e et seq., commonly referred to as the Civil Rights Act of 1964. This Court has subject matter jurisdiction over this type of claim by 42 U.S.C. Sec. 2000e-5(f). This Court has supplemental jurisdiction over Plaintiff's Human Rights & City Law claims pursuant to 29 U.S.C. Sec. 1367(a).

10.  Venue is proper in this district under 42 U.S.C Sec. 2000e-5 (f)(3) as the unlawful practice is alleged to have been committed within the Southern District of New York. In addition, but for the alleged unlawful employment practice, plaintiff would have still worked within the Southern District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.  On or about May 30, 2018, plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ( EEOC).

12.  Plaintiff charged defendants with unlawful discrimination based on Race, Color, National Origin, Disability and Retaliation ( Charge #  520-2018-02813).

13.  On or about June 2, 2018, plaintiff received notice dated  May 31, 2018, from the EEOC informing her of her right to file a civil action.

14.  This lawsuit has been timely filed within 90 days of plaintiff's receipt of the EEOC's right to sue notice.

## FACTUAL ALLEGATIONS

15.    Plaintiff, a female African-American U.S. citizen was born on September 17ᵗʰ, 1973 and is currently 44 years old.

16.    Plaintiff received a Bachelor of Arts degree in Psychology from Hunter College, in New York City.

17.    Plaintiff began working for defendant full time in February 2004 as a Milieu Therapist. Plaintiff rose to become a Program Manager up until April 20, 2017. Prior to April 20, 2017 Plaintiff's direct supervisor was Director Cindy King.

18.    On April 20, 2017 plaintiff was en route home from work when the bus in which she was riding was involved in a head on collision resulting in plaintiff sustaining serious injuries. Plaintiff requested and received an approved medical leave of absence from April 20, 2017 through August 20, 2017.Meanwhile, while plaintiff was on her approved medical leave, unbeknownst to her, the defendant was advising a subordinate of plaintiff to apply for plaintiff's position. At several meetings held, the defendant gave the employees the impression that plaintiff was not coming back to work.

19.    On August 20, 2017 plaintiff returned from her medical leave to a demotion and a reduction in her salary. From a Program Manager, plaintiff was demoted to the position of a Milieu Therapist and her salary was reduced. Meanwhile, a residential director by the name of Randal Smith( a Caucasian) was demoted from a director's position to that of a Program Manager's position but he kept his salary that he was earning as a residential director. There were other African- American employees like plaintiff who went on approved medical leave and upon their return were either demoted or terminated from their employment.

20.     When plaintiff resumed work from her medical leave in August 2017, the defendant through the Director of Human Resources and plaintiff's Supervisor were aware of her physical disability, yet the defendant assigned her a cottage to run where she had to use a flight of stairs to get there. There were other cottages that had no stairs to access them which any one of them could have been offered to plaintiff. Plaintiff asked to be assigned one of the cottages that could be accessed without stairs but the defendant refused to allocate a cottage to her. The defendant discriminated against the plaintiff based upon her disability and failed to accommodate her disability. The defendant's discrimination was also based on Race, Color and National Origin. The defendant unlawfully retaliated against plaintiff after Plaintiff took her approved medical leave and demoted her and reduced drastically her salary in the first instance , and later in the second instance terminated her after she obtained another approved medical leave.

21.     Upon her return in August 2017, plaintiff was still having problems with her mobility. On November 30, 2017 plaintiff obtained an approved medical leave of absence. On December 1, 2017 plaintiff had surgery on her right knee. The defendant advised plaintiff that she had to be back at work on January 18, 2018 as it would not be able to extend her Family Medical Leave.

22.     On January 18, 2018 plaintiff was scheduled for a follow up with her surgeon. She wanted to go back to work but her surgeon concluded that she was not ready to resume work. On January 18, 2018 plaintiff's surgeon faxed a certificate of disability to the defendant on behalf of the plaintiff. This fax was received by the defendant the same day. However, on January 19, 2018 the defendant went ahead and terminated the plaintiff's employment.

## FIRST CAUSE OF ACTION

### (Discrimination in violation of Title VII)

23.     Plaintiff repeats and realleges all the paragraphs above as though fully set herein

24.     Defendant discriminated against plaintiff on the basis of her Race/Color ( Black) and/or National Origin ( African) in violation of Title VII by denying her the same terms and conditions of employment available to employees who are not Black of African. Upon Plaintiff's return from her approved medical  leave she was demoted  with a drastic reduction in her salary whereas another employee (Caucasian) was demoted  and he retained his pre demotion salary.

25.     As a direct and proximate result of defendant's unlawful and discriminatory conduct in violation of Title VII, plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

26.     Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION

### ( Retaliation in Violation of Title VII)

27.     Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 26 , inclusive, as if fully set forth herein.

28. Defendant has retaliated against Plaintiff in violation of Title VII for exercising her legal right to a benefit ( Family Medical Leave Act) and also by violating the FMLA when upon her return to work, defendant demoted her and slashed drastically her salary from her previous earnings.

29. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continue to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

30. Defendant's unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

### THIRD CAUSE OF ACTION

( Violation of Duty of Reasonable Accomodation Under ADA)

31. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 30, inclusive, as if fully set forth herein.

32. Defendant violated its duty under ADA to provide Plaintiff with a reasonable accommodation for her disability when it denied Plaintiff's request to be assigned cottages where access to them could be had without using flight of stairs. Defendant knew about Plaintiff's disability, yet assigned her work that involved going up and down the stairs and refused to accommodate her when she requested for same.

33. As a direct and proximate result of Defendant's violation of its duty of reasonable accommodation under the Americans with Disabilities Act,

Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages.

34.    Defendant's unlawful conduct constitutes a malicious, willful and wanton violation of the ADA for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION
### ( Violation of the FMLA)

35.    Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 34, inclusive, as if fully set forth herein.

36.    Plaintiff immediately following her accident in April 2017, went on approved medical leave. When she returned in August 2017, defendant had an obligation to allow her to return to the same position she held before going on her medical leave and the same pay or a position that has equivalent benefits working conditions and seniority.

37.    Before plaintiff went on her medical leave in April 2017 she was the Program Manager earning a corresponding salary to her title. While she was on medical leave, unbeknownst to plaintiff, defendant encouraged other co-workers to apply for plaintiff's position telling them that the Plaintiff was not coming back. On her return to work in August 2017,  Plaintiff had been demoted to the position of a Milieu Therapist and her salary had been drastically reduced. Plaintiff sought and received an approved medical leave in November, 2017 to undergo surgery which was scheduled for December 1, 2017. The defendant wanted her to return back to work on January 18, 2018. She had an appointment with  her surgeon on January 18, 2018 who upon examining her concluded that she was still disabled and unfit to resume work. The surgeon himself faxed a certificate of disability to the defendant on Plaintiff's behalf from his office on January 18, 2018. The defendant

proceeded to terminate the plaintiff's employment the very next day , January 19, 2018.

38. As a direct and proximate result of defendant's violation of its duty under the FMLA, and the violation of the FMLA, 29 U.S.C Sec 2612 (a), 2614 (a) and 2615 (a) Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages.

39. Defendant's unlawful conduct constitutes a knowing, malicious, willful and wanton violation of the Family Medical Leave Act for which Plaintiff is entitled to an award of punitive damages.

40. By reason of the conduct of the defendant as alleged herein, Plaintiff has retained an attorney to prosecute the within action. Plaintiff is therefore entitled to reasonable attorney's fee and litigation expenses, including expert witnesses fees and costs incurred in bringing the within action.

## FIFTH CAUSE OF ACTION

(Violation of New York State Human Rights Law )

41. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 40 above with the same force and effect as if fully set forth herein.

42. Defendant terminated Plaintiff's employment on account of her race, national origin, retaliation, color and her disability and thereby violated her right to equal employment under the NYSHRL.

43. The defendant is primarily liable for its actions because it qualifies as an employer under the New York State Human Rights Law Sec. 296 (1) (a).

44. Accordingly, plaintiff is entitled to compensatory and consequential damages and interest in an amount to be determined at trial, in addition to reasonable costs, attorney's fees and punitive damages.

## SIXTH CAUSE OF ACTION

(Violation of the New York City Human Rights Law )

45.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 44 above, with the same force and effect as if fully set forth herein.

46.    Defendants terminated plaintiff on account of her race, national origin, retaliation, color and disability and thereby violated Plaintiff's right to equal employment under the new York City Human Rights Law.

47.    Accordingly, plaintiff is entitled to compensatory and consequential damages and interest in an amount to be determined at trial, in addition to reasonable costs, attorney's fees and punitive damages.

WHEREFORE, based on the foregoing, plaintiff respectfully requests that this Court enter judgment against defendant awarding plaintiff

1. On the First Cause of Action, plaintiff is entitled to compensatory and consequential damages and interest in an amount to be determined at trial, in addition to reasonable costs, attorney's fees and punitive damages.

2. On the Second Cause of Action, plaintiff is entitled to compensatory and consequential damages and interest in an amount to be determined at trial, in addition to reasonable costs, attorney's fees and punitive damages.

3. On the Third Cause of Action, plaintiff is entitled to compensatory and consequential damages and interest in an amount to be determined at trial, in addition to reasonable costs, attorney's fees and punitive damages and

4. On the Fourth Cause of Action, plaintiff is entitled to compensatory and consequential damages and interest in an amount to be determined at trial, in addition to reasonable costs, attorney's fees and punitive damages and

5. On the Fifth Cause of Action, plaintiff is entitled to compensatory and consequential damages and interest in an amount to be determined at trial, in addition to reasonable costs, attorney's fees and punitive damages and

6. On the Sixth Cause of Action, plaintiff is entitled to compensatory and consequential damages and interest in an amount to be determined at trial, in addition to reasonable costs, attorney's fees and punitive damages and

7. All such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury in this action.

Dated:      Bronx, New York

August 8, 2018

THE LAW OFFICE OF CHARLES NATHAN,PC

Counsel for Plaintiff EMELIA MENSAH-SASU

By: _____

CHARLES  NATHAN, ESQ.

100-24B ELGAR PLACE

BRONX, NEW YORK  10475

TEL:  917 -282 -9871

FAX:  347 -449-6054

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

EMELIA MENSAH-SASU

                                                      Plaintiff,

          -against-


JULIA  DYCKMAN ANDRUS MEMORIAL INC., D/B/A
ANDRUS CHILDREN CENTER
                                              Defendants.


-------------------------------------------------------------------------X
                    COMPLAINT

---

                    Law Office of Charles Nathan  PC.
                     Attorney for  Plaintiff
                    100-24B Elgar Place
                    Bronx, New York  10475

                    917-282-9871

---

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in
the courts of New York State, certifies that, upon information and belief and reasonable
inquiry, (1) the contentions contained in the annexed documents are not frivolous and that
(2) if the annexed document is an initiating pleading, (i) the matter was not obtained
through illegal conduct, or that if it was, the attorney or other persons responsible for the
illegal conduct are not participating in the matter or sharing in any fee earned therefrom
and that (ii) if the matter involves potential claims for personal injury or wrongful death,
the matter was not obtained in violation of 22 NYCRR 1200.41-a.


Dated:_____                    _____
                                             Signature

                                         _____
                                             Print  Name